**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**CA 06-679**

**BRENDA FRANK**

**VERSUS**

**PIGGLY WIGGLY COMPANY STORES, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 63536-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Guy Olden Mitchell, III**
**Attorney at Law**
**225 Court Street**
**Ville Platte, LA 70586-4492**
**(337) 363-0400**
**Counsel for Plaintiff/Appellant:**
**Brenda Frank**

**Christopher Shannon Hardy**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**(337) 231-1955**
**Counsel for Defendants/Appellees:**
**Piggly Wiggly Company Stores**
**Marvin Lyons**
**Tamarv, Inc.**

**EZELL, JUDGE.**

Brenda Frank appeals the decision of the trial court granting an exception of prescription in favor of the Defendants, Piggly Wiggly Stores, their insurer, and the franchise owner (hereinafter collectively referred to as "Piggly Wiggly"). For the following reasons, we affirm the decision of the trial court.

On November 30, 2001, Mrs. Frank filed suit alleging a slip and fall accident at the Piggly Wiggly grocery store in Mamou. In that suit, she claimed that "[o]n or about December 15, 2000," she slipped on a spilled soft-drink near vending machines located by the entrance to the store. She sought damages alleged to have occurred from the resulting fall. Piggly Wiggly twice filed exceptions of prescription which were denied. The matter went to trial on January 16, 2006, at which time, Piggly Wiggly again raised the issue of prescription. After hearing all trial testimony, the trial court found that Piggly Wiggly had proven prescription and, accordingly, granted their exception. From that decision, Mrs. Frank appeals.

On appeal, Mrs. Frank asserts one assignment of error, that the trial court erred in that it "did not hold defendant to their burden of proof of prescription and therefore committed legal error or manifest error." For the following reasons, we disagree.

When an exception of prescription has been filed, the party pleading the exception bears the burden of proving sufficient facts to support the claim. *Lima v. Schmidt*, 595 So.2d 624 (La.1992). "If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review." *Carter v. Haygood,* 04-646, p. 9 (La. 1/19/05), 892 So.2d 1261,1267 (*citing Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993)). "If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though

1

convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.*

In this case, the record clearly shows that the accident alleged by Mrs. Frank occurred on October 23, 2000, much earlier than the December 15 date alleged by her. Piggly Wiggly introduced a copy of an accident report stating that the fall occurred at 6:10 p.m. on October 23, 2000. This was backed up by medical records from the Savoy Medical Center that indicated that Mrs. Frank presented to them at 6:40 p.m. on October 23, 2000, with abrasions and bruises she obtained in a "fall in parking lot of local grocery store." Although she changed her testimony after questioning by her attorney, Mrs. Frank also testified in her deposition that she initially went to the emergency room immediately after the accident. More importantly, Mrs. Frank testified at trial that she fell only one time at a grocery store in the year 2000.

The record is clear that the fall occurred on October 23, 2000. Piggly Wiggly proved this fact by a preponderance of the evidence. Therefore, because the suit was not filed until November 30, 2001, it was clearly prescribed. Mrs. Frank asserts in her brief that suit was filed on October 30, 2001. However, the record clearly shows the petition for damages as being date-stamped on November 30, 2001. Even if the date of filing had been October 30, 2001, this suit would still have been prescribed under the facts of this case. Accordingly, the trial court was correct in granting the exception of prescription.

Although she does not raise the issue as a specific assignment of error, Mrs. Frank claims in brief that the doctrine of contra non valentum somehow halted the running of prescription as to her claim. However, the principles of contra non valentum do not halt the running of prescription if the plaintiff's ignorance is the

2

result of his own willfulness or neglect. *Matthews v. Sun Exploration & Prod. Co.*, 521 So.2d 1192 (La.App. 2 Cir.1988). She clearly knew or should have known when she fell. Piggly Wiggly did nothing to prevent the Plaintiff from bringing suit, and she knew or reasonably should have known of the cause of action at the time of the fall. We find this assertion to be without merit, at best.

The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mrs. Frank.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.